UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MIRIAM ORDONEZ-LOPEZ,<br>CARLOS ORDONEZ BRINDIS,<br>VALENTINA MENDOZA,<br>CARLOS MENDOZA,<br>ROEL MARTINEZ ESTEVES,<br>RODRIGO SALAZAR-RAMIREZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>VASILY IVANOV, FRANCES IVANOV,<br>VASSA IVANOV, JULIE IVANOV, dba<br>IVANOV FARMS, aka INVANON FARMS,<br><br>    Defendants. | Case No.: 3:10-CV-936-AC<br><br>FINDINGS AND<br>RECOMMENDATION |

ACOSTA, Magistrate Judge:

Six Spanish-speaking farmworkers ("Plaintiffs") asserted wage and hour claims against their employers Vasily B. Ivanov, Frances Ivanov, Vassa Ivanov, and Julie Ivanov, doing business as Ivanov Farms, also known as Ivanon Farms ("Defendants"). All of the individual defendants were

Page 1- FINDINGS AND RECOMMENDATION                                    {SIB}

properly served and failed to appear in a timely manner. Judge Mosman entered a default judgment against Defendants on January 24, 2011, for $26,450.36. Plaintiffs now move for an award of attorney fees in the amount of $11,305.00, pursuant to OR. REV. STAT. 652.150, 652.200, and 653.055, for hours spent on Plaintiffs' state-law claims. The sum requested represents 45.22 hours at an hourly rate of $250 per hour. Defendants have not filed opposition to the motion. The court finds the claimed fees are reasonable, considering both the hourly rate and the number of hours, and should be awarded in full.

### *Legal Standard*

Where attorney fees are available, the court must determine the reasonableness of both the number of hours and the rate at which they were billed. "In addressing a petition for attorney fees under federal law, the court must first determine the 'lodestar' amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *Sizemore v. Madras*, No. 02-72-KI, 2005 WL 1502891, at *1 (D. Or. June 24, 2005) (citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)).

In determining whether attorney fees authorized by statute but left to the discretion of the court are recoverable under Oregon law, the court must consider:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> (d) The extent to which an award of an attorney fee in the case would deter

others from asserting meritless claims and defenses.

 (e) The objective reasonableness of the parties and the diligence of the parties and their attorney during the proceedings.

 (f) The objective reasonableness of the parties that the diligence of the parties in pursuing settlement of the dispute.

 (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

 (h) Such other factors as the court may consider appropriate under the circumstances of the case.

OR. REV. STAT. 20.075(1). When considering an appropriate amount of attorney fees in cases where attorney fees are to be awarded, the court must consider, in addition to those factors set forth above, the additional factors of:

 (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

 (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases

 (c) The fee customarily charged in the locality for similar legal services.

 (d) The amount involved in the controversy and the results obtained.

 (e) The time limitations imposed by the client or the circumstances of the case.

 (f) The nature and length of the attorney's professional relationship with the client.

 (g) The experience, reputation and ability of the attorney performing the services.

 (h) Whether the fee of the attorney is fixed or contingent.

OR. REV. STAT. 20.072(2).

The factors to be considered under Oregon law are not unlike those set forth delineated by

the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). These factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 70.

*Discussion*

Plaintiffs asserted, and prevailed, on claims for unpaid wages under OR. REV. STAT. 652.150 and 653.055. OR. REV. STAT. 652.200(2), which applies to Plaintiffs' claim under OR. REV. STAT. 652.150, provides, in pertinent part, that ". . . the court shall, upon entering judgment for the plaintiff, include in the judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting the action . . . ." OR. REV. STAT. 653.055(4) provides that "[t]he court may award reasonable attorney fees to the prevailing party in any action brought by an employee under this section." Accordingly, attorneys fees are available to Plaintiffs on both claims and are mandatory with regard to Plaintiffs' claims under OR. REV. STAT. 652.150.

I. Hourly Rate

This court uses the most recent Oregon State Bar Economic Survey as its initial benchmark in determining a reasonably hour rate. *See* L.R. 54-3, Practice Tip. The Oregon State Bar 2007

Economic Survey[1], currently the most recent survey, lists the average and median rate for members of the litigation section at $250 - $274 per hour. Average hourly billing rates for Oregon attorneys with sixteen to twenty years of experience is $221 increasing to $238 for Oregon attorneys with twenty-one to thirty years of experience. These rates decrease to $191 and $211, respectively, when only Oregon attorneys practicing in the Upper Willamette, consisting of Marion, Polk, and Yamhill counties, are considered.

Here, Plaintiffs seek to recover at the hourly rate of $250 for work performed on the state-law claims by Ilene V. O'Mally, Mark J. Wilk, and Arthur E. Schmidt. All attorneys are culturally competent and proficient in Spanish and have specialized in representing low-income and predominately immigrant, seasonal and migrant farmworkers in employment matters. Schmidt and Wilk each have twenty-nine years of experience, while Ilene O'Malley has practiced for sixteen years. In light of the three attorneys unique qualifications and years of experience in this area of law, and the average hourly rates established by the survey, the court finds that $250 hourly rate sought by Plaintiffs is reasonable.

II. Hours Billed

Plaintiffs seek recovery for 45.22 hours expended by the three attorneys on the state-law claims. Plaintiffs represent that these attorneys worked a total 64.6 hours litigating this action. This figure includes time spent on Plaintiffs' claim under the Agricultural Worker Protection Act in addition to their state law claims. Plaintiff's estimate that seventy percent of the total hours, or 45.22, were spent prosecuting their state-law claims. After a careful review of the court file and the documents submitted in support of Plaintiffs' motion for attorney fees, the court finds that the time

---

[1] Available at: http://www.osbar.org/surveys_research/08hourlyratesurvey

expended by counsel on the state-law claims is reasonable when considered in light of the facts of this case, particularly the language issue and the difficulties presented by representing migrant workers, and the relevant factors.

*Conclusion*

Plaintiffs' motion (#28) for attorney fees should be GRANTED in its entirety and Plaintiffs' should be awarded attorney fees in the total amount of $11,305.00 representing 45.22 attorney hours at an hourly rate of $250.

### Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **July 27, 2011**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 12th day of July, 2011.

_____
JOHN V. ACOSTA
United States Magistrate Judge